IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| vs. | )   CRIMINAL NO. 08-00380-CG |
| | ) |
| KEINAN HOWARD, | ) |
| | ) |
| Defendant/Petitioner. | ) |

**ORDER**

This matter is before the Court on Defendant's § 2255 petition (Doc. 84) which the Court interprets as asserting a claim for relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).  In response, the United States filed a motion to dismiss the petition (Doc. 86), arguing that Howard has no claim under Johnson and that the motion should therefore be dismissed as time-barred.

In Johnson, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process.  The ACCA applies to convictions of violating 18 U.S.C. § 922(g).  Howard was convicted of bank robbery (18 U.S.C. § 2113) and use of a firearm in a crime of violence (18 U.S.C. § 924(c)).  The ACCA does not apply to either offense  He was sentenced on June 5, 2009, and did not file a direct appeal.  Judgment therefore became final 14 days after June 5, 2009, and the applicable statute of limitations for filing a § 2255 petition expired in June 2010.  28 U.S.C.

§2255(f)(1)(petitioner must file the motion within one year of "the date on which the judgment of conviction becomes final"); *see also* Fed.R.App.P. 4(b)(1)(A)(i); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir 2000)(in a § 2255 action where no appeal is filed, the judgment becomes final when the time for filing an appeal expires).

Howard filed this motion more than 4 years after his conviction became final. Because Johnson is not applicable to Howard's case, the Supreme Court holding in Welch v. United States, 136 S. Ct. 1257, 1265 (2016)- that Johnson is a new substantive rule and thus applies retroactively to cases on collateral review – has no application in this case. Therefore, the one-year statute of limitations applicable to § 2255 petitions applies, and Howard's motion is untimely. [1]

Accordingly, the Government's motion to dismiss the petition is **GRANTED** and the petition is hereby **DISMISSED.**

**DONE** and **ORDERED** this 28th day of June, 2013.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Howard also seems to suggest that the Supreme Court's decisions in Alleyne v. United States, 133 S. Ct. 2151(2013) and Rita v. United States, 551 U.S. 338 (2007) somehow re-start the one-year limitations period. His motion was not filed within one year of either of these cases.

2